(169 App. Div. 525)

## In re HARRIS.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

ATTORNEY AND CLIENT ⊙=38—MISCONDUCT—DISBARMENT.

 Where it strongly appeared that an attorney had misappropriated funds given to settle an action against his client, and he admitted persistent lying to counsel for plaintiff to postpone the case, and he did not deny misappropriating other money paid to a guardian ad litem, which the court specifically ordered should be paid over to the chamberlain of the city of New York, he was guilty of conduct warranting disbarment.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. ⊙=38.]

Application for disbarment of Michael H. Harris, an attorney, for professional misconduct. On report of official referee. Respondent disbarred.

See, also, 165 App. Div. 983, 150 N. Y. Supp. 1089.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City (Middleton S. Borland, of New York City, of counsel), for petitioner.

Michael H. Harris, of New York City, in pro. per.

PER CURIAM. The respondent was originally charged by the Association of the Bar of the City of New York with having con-

verted to his own use the sum of $125, which had been paid to him to settle an action in which he represented the defendants, and with having induced the plaintiffs' attorney to delay the trial by means of false representations. The evidence tended to show that in May, 1913, there was pending in the Municipal Court an action between Ludwig E. Goerz and another, plaintiffs, and Louis G. Olian and others, defendants, respondent being the attorney for the defendants; that said defendants paid to respondent the sum of $125, to be delivered to plaintiffs in settlement of the action; that respondent did not so apply it, but converted it to his own use; that he falsely represented to plaintiffs and their attorney that he had not received the money, and falsely represented to the defendants that he had paid it over, as he had agreed to do; and that by his false representations to the plaintiffs' attorney he induced the latter to postpone the trial until September 26, 1913, when the plaintiffs took judgment for the sum of $145.78, which defendants were obliged to pay. The respondent denied that he had received the money as charged, but cheerfully and frankly admitted that he had persistently lied to the attorney for the plaintiffs, in order to postpone as long as possible the entry of judgment. He was quite oblivious to any suggestion that this was misconduct, and claimed that his action in this regard was entirely justifiable.

An even more serious charge was made by a supplementary petition. This was nothing less than a charge that he had stolen the sum of $500, part of a payment in settlement of a claim for damages against the Bush Terminal Buildings Company. This money had been paid to a guardian ad litem, for whom respondent was attorney, under an order which specifically directed that it be paid to the chamberlain of the city of New York. Respondent induced the guardian to indorse the check over to him, and then converted the proceeds to his own use. Subsequently both the guardian and the respondent were found guilty of contempt of court in failing to deposit the money. Against this supplemental charge the respondent made no defense.

He is evidently an unfit person to remain a member of the bar, and is accordingly disbarred. Settle order on notice.